UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 31 2010

JAMES N. HATTEN, CLERK
By: [signature]

| | |
|---|---|
| LORIE SWEIGERT, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) PLAINTIFF'S VERIFIED COMPLAINT |
| | ) AND DEMAND FOR JURY TRIAL |
| DELANOR, KEMPER & ASSOCIATES, | ) |
| Defendant. | ) |

1 10-CV-0931-JOF

## VERIFIED COMPLAINT

LORIE SWEIGERT ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against DELANOR, KEMPER & ASSOCIATES, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Bremen, Georgia.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company located in Atlanta, Fulton County, Georgia.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for the alleged debt.

12. Defendant calls Plaintiff from telephone number (404) 665-3174 seeking and demanding payment for the alleged debt.

13. Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant does not state the name of its company.

14. Defendant fails to identify itself as a debt collector in subsequent communications.

15. Defendant places calls to Plaintiff identifying themselves as an "Investigator" and tells Plaintiff that they will throw Plaintiff in jail and suspend her driver's license.

16. Defendant accused Plaintiff of committing a crime and threatened to charge

Plaintiff with check fraud.

17. Defendant did not send Plaintiff a validation letter.

18. Defendant contacted Plaintiff's friend (a third party) and disclosed the existence and nature of a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a.) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b.) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c.) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant does not state the name of its company.

   d.) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at such place and time known or which should have been known to be inconvenient to Plaintiff.

   e.) Defendant violated *§1692b(1)* of the FDCPA by contacting persons other than Plaintiff and failing to identify him/herself and failing to state the he/she is confirming or correcting location information concerning Plaintiff.

   f.) Defendant violated *§1692b(2)* of the FDCPA by stating that the Plaintiff owes a debt in communications with persons other than Plaintiff.

g.) Defendant violated *§1692e(1)* of the FDCPA by falsely implying that Defendant was an "Investigator".

h.) Defendant violated *§1692e(4)* of the FDCPA by falsely implying that Plaintiff's non-payment of the alleged debt would result in Plaintiff's arrest or imprisonment.

i.) Defendant violated *§1692e(7)* of the FDCPA by falsely representing and/or implying that Plaintiff had committed a crime.

j.) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying that Plaintiff's non-payment of the alleged debt would result in Plaintiff's arrest or imprisonment.

k.) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff.

l.) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

m.) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

n.) Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector because Defendant placed calls and failed to leave messages.

o.) Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of

the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

p.) Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiff with validation of the alleged debt.

WHEREFORE, Plaintiff, LORIE SWEIGERT, respectfully requests judgment be entered against Defendant, DELANOR, KEMPER & ASSOCIATES for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

22.     Any other relief that this Honorable Court deems appropriate.

DATED:  03/29/2010

RESPECTFULLY SUBMITTED,

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
678-781-1012


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LORIE SWEIGERT, demands a jury trial in this case.

DATED:  03/29/2010

RESPECTFULLY SUBMITTED,

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
678-781-1012

05/28/2002  22:29    7705374163              HRBLOCK                                PAGE  01

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF GEORGIA)

Plaintiff, LORIE SWEIGERT, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LORIE SWEIGERT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

3-29-2010
Date

_____
LORIE SWEIGERT